1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  bruce.celebrezze@sdma.com
   MATTHEW C. LOVELL  Bar No. 189728
3  matthew.lovell@sdma.com
   DEAN J. MCELROY  Bar. No. 213132
4  dean.mcleoroy@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone:    (415) 781-7900

7  Attorneys for defendant and counterclaimant
   HARTFORD UNDERWRITERS INSURANCE COMPANY
8
   BOWLES & VERNA LLP
9  MICHAEL P. CONNOLLY  Bar No. 238478
   mconnolly@bowlesverna.com
10 ROBERT I. WESTERFIELD  Bar No. 112183
   rwesterfield@bowlesverna.com
11 2121 N. California Blvd, Suite 875
   Walnut Creek, California  94596
12 Telephone:    (925) 935-3300

13 Attorneys for plaintiff and counterdefendant
   CONTRA COSTA WATER DISTRICT
14

15                    UNITED STATES DISTRICT COURT

16           FOR THE NORTHERN DISTRICT OF CALIFORNIA

17

18 | CONTRA COSTA WATER DISTRICT, | CASE NO. CV 09-0983 MMC |

19 |        Plaintiff, | **STIPULATION AND [PROPOSED]** |
   |                    | **ORDER TO CONTINUE CASE** |
20 |        v. | **MANAGEMENT CONFERENCE AND** |
   |          | **DATES FOR RULE 26(A) INITIAL** |
21 | HARTFORD UNDERWRITERS | **DISCLOSURES AND EXCHANGE OF** |
   | INSURANCE COMPANY; and Does 1 | **DOCUMENTS** |
22 | through 10, inclusive, |

23 |        Defendants. |
                                     | Courtroom:   7 |
24 | HARTFORD UNDERWRITERS | Judge:        Hon. Maxine M. Chesney |
   | INSURANCE COMPANY, |

25 |        Counterclaimant, |

26 |        v. |

27 | CONTRA COSTA WATER DISTRICT, |

28 |        Counterdefendant |

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1   Pursuant to Northern District Local Rule 16-2(d) and (e), plaintiff and counterdefendant

2   Contra Costa Water District ("CCWD") and defendant and counterclaimant Hartford Underwriters

3   Insurance Company (Hartford"), by and through their respective counsel of record, hereby stipulate

4   as follows:

5                                    **RECITALS**

6   This case was scheduled for an initial Case Management Conference on August 7, 2009.  In

7   their joint case management statement filed July 31, 2009, the parties informed the Court of their

8   intent to mediate their dispute and desire to avoid unnecessary costs associated with making their

9   respective Rule 26(a) initial written disclosures and initial exchange of documents.  On August 4,

10  2009, the Court entered an Order continuing the initial Case Management Conference to October

11  16, 2009.

12  On October 8, 2009, the parties engaged in a mediation conducted by the Hon. Ronald M.

13  Sabraw (Ret.) at JAMS in San Francisco.  The parties made some progress towards a settlement,

14  but each party determined that it needed more information to further assess the facts and evaluate

15  the prospects for settlement.  In that regard, the parties agreed to suspend the mediation and to

16  exchange certain information and undertake other tasks to enable the parties to conduct further

17  settlement negotiations.  The foregoing agreement between the parties was put in a writing which

18  was signed by counsel for the parties; a true and correct copy of said written agreement is attached

19  hereto as Exhibit A.

20  The specific points of the agreement between the parties reached at the conclusion of the

21  October 8, 2009 mediation with Judge Sabraw are as follows:

22          1.      CCWD and Hartford (collectively, "the Parties") shall suspend their mediation before

23  Judge Ronald Sabraw, which began on October 8, 2009;

24          2.      The parties agree to stay the litigation between them for a period of 150 days to allow

25  for certain discovery and investigation.  Per this agreement, the Parties shall not serve any formal

26  discovery requests on one another, nor notice depositions, except as set forth in paragraph 5;

27

28          3.      The parties agree to request a continuance of the status conference before Judge

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  Chesney for 150 days (from October 16, 2009) and shall solicit the assistance of Judge Sabraw to

2  accomplish this, to the extent necessary;

3      4.   Hartford shall, within 30 days of this agreement, submit a report to CCWD regarding

4  Hartford's analysis of California Labor Code section 5804 and its potential applicability with

5  respect to the claim of John Navarro;

6      5.   Hartford shall issue subpoenas duces tecum to the custodians of record of all known

7  contractor and subcontractors who worked on the Los Vaqueros Reservoir Project ("LVRP") to

8  obtain information concerning the names of their employees who worked at the LVRP, the dates

9  and nature of such work, and the description of the employees' job duties;

10      6.   During the 150-day stay, counsel for the Parties shall confer telephonically, at least

11  once every two weeks, to discuss the status of the discovery each has undertaken;

12      7.   On or before Tuesday, October 13, Hartford's counsel will notify CCWD's counsel

13  of whether and to what extent Hartford is willing to produce voluntarily the claims files of certain

14  claimants (whose identity CCWD's counsel shall provide to Hartford's counsel by the end of the day

15  on Friday, October 9, 2009), or whether Hartford will request that CCWD issue a subpoena duces

16  tecum to compel the production of such files or portions thereof.

17      8.   CCWD will make reasonable efforts to determine whether it has information readily

18  available identifying the names of contractor employees who worked on the LVRP and a brief

19  description of their job duties.  On or before October 23, 2009, CCWD will provide such

20  information to Hartford or, in the alternative, advise Hartford of what type of information CCWD

21  has in its possession relating to the LVRP contractors and their employees and if appropriate make

22  such records available for inspection and copying at a mutually agreeable time and place.

23      The parties are hopeful that this case can be settled following the exchange of information

24  and accomplishment of tasks called for in the parties attached written agreement.  As such, and in

25  the interest of saving time, money, and the Court's resources, the parties request that the October

26  16, 2009, Case Management Conference be continued for approximately 150 days, until March 12,

27  2010, that the case be stayed until that time but for the limited discovery contemplated in the

28  parties' agreement, and that the parties' Rule 26(a) written disclosures and exchange of documents

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   be postponed until after March 12, 2010.

2          In connection with paragraph 3 of the attached written agreement, Dean McElroy, one of the

3   attorneys for Hartford, spoke with the Court's clerk, Tracy Lucero. Ms. Lucero advised that it was

4   not necessary for Judge Sabraw to make a request for a continuance on behalf of the parties, but

5   that a stipulation to continue the Case Management Conference would be sufficient. Ms. Lucero

6   further advised that the parties need not submit a revised case management statement in connection

7   with the October 16, 2009 Case Management Conference if they were going to stipulate to the

8   continuance of that conference.

9                                  **STIPULATION**

10         Wherefore, based on the foregoing Recitals, CCWD and Hartford agree and stipulate as

11  follows:

12         (1)  The Case Management Conference scheduled for October 16, 2009, shall be continued

13  to March 12, 2010;

14         (2)  A revised joint case management statement shall be due on March 5, 2010;

15         (3)  All discovery – except for the limited discovery contemplated by the parties as set out

16  in their agreement attached hereto as Exhibit A – and law and motion practice in this case shall be

17  stayed until after the March 12, 2010 Case Management Conference, including the parties' Rule

18  26(a) initial written disclosures and exchange of documents.

19         IT IS SO STIPULATED.

20

    DATED:  October 9, 2009          SEDGWICK, DETERT, MORAN & ARNOLD LLP
21

22

23                                   By: _____
                                         Bruce D. Celebrezze
24                                       Matthew C. Lovell
                                         Dean J. McElroy
25                                       Attorneys for Defendant and Counterclaimant
                                         HARTFORD UNDERWRITERS INSURANCE
26                                       COMPANY

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

DATED: October 9, 2009                    BOWLES & VERNA LLP

                                          By: _____
                                          Robert I. Westerfield
                                          Michael P. Connolly
                                          Attorneys for plaintiff and counterdefendant
                                          CONTRA COSTA WATER DISTRICT


                                    **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  ____October 14__, 2009


                          _____
                          HON. MAXINE M. CHESNEY
                          UNITED STATES DISTRICT JUDGE

Stipulation and [Proposed] Order to Continue CMC and Rule 26(a) Disclosures

SF/1630967v1

SEDGWICK
DETERT, MORAN & ARNOLD LLP

# EXHIBIT A

# Ronald Sabraw

**From:** Fournier, Robert (HSC, RMD) [robert.fournier@thehartford.com]
**Sent:** Thursday, October 08, 2009 4:40 PM
**To:** Ronald Sabraw
**Cc:** Lovell, Matthew; McElroy, Dean; Manderlink, Gregory J. (General Counsel)
**Subject:** Contra Costa Mediation

Judge Sabraw

This is an attempt to frame the proposal we have been discussing:

In an effort to conduct discovery that will assist them to evaluate prospects for settlement of their dispute pending before Judge Maxine Chesney in the United States District Court for the Northern District of California, plaintiff Contra Costa Water District ("CCWD") and defendant Hartford Underwriters Insurance Company ("Hartford") agree as follows:

1.   CCWD and Hartford (collectively, "the Parties") shall suspend their mediation before Judge Ronald Sabraw, which began on October 8, 2009;

2.   The parties agree to stay the litigation between them for a period of 150 days to allow for certain discovery and investigation. Per this agreement, the Parties shall not serve any formal discovery requests on one another, nor notice depositions, except as set forth in paragraph 5;

3.   The parties agree to request a continuance of the status conference before Judge Chesney for 150 days (from October 16, 2009) and shall solicit the assistance of Judge Sabraw to accomplish this, to the extent necessary;

4.   Hartford shall, within 30 days of this agreement, submit a report to CCWD regarding Hartford's analysis of California Labor Code section 5804 and its potential applicability with respect to the claim of John Navarro;

5.   Hartford shall issue subpoenas duces tecum to the custodians of record of all known contractor and subcontractors who worked on the Los Vaqueros Reservoir Project ("LVRP") to obtain information concerning the names of their employees who worked at the LVRP, the dates and nature of such work, and the description of the employees' job duties;

6.   During the 150-day stay, counsel for the Parties shall confer telephonically, at least once every two weeks, to discuss the status of the discovery each has undertaken;

7.   On or before Tuesday, October 13, Hartford's counsel will notify of CCWD's counsel of whether and to what extent Hartford is willing to produce voluntarily the claims files of certain claimants (whose identity CCWD's counsel shall provide to Hartford's counsel by the end of the day on Friday, October 9, 2009), or whether Hartford will request that CCWD issue a subpoena duces tecum to compel the production of such files or portions thereof.

8.   CCWD ~~shall try in good faith to provide Hartford's counsel with information concerning the names of all persons who worked on the LVRP and a brief description of their job duties. Should CCWD~~ not do so before October 23, CCWD, ~~upon Hartford's request,~~ shall ~~make its records of the LVRP~~ available to Hartford for inspection ~~and copying at a mutually agreeable time and place.~~   *See # 8 below*

## Matt Lovell (writing from Mr. Fournier's account)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This communication, including attachments, is for the exclusive use of addressee and m
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Ronald Sabraw**

| | |
|---|---|
| **From:** | Robert I. Westerfield [RWesterfield@bowlesverna.com] |
| **Sent:** | Thursday, October 08, 2009 5:05 PM |
| **To:** | Ronald Sabraw |
| **Subject:** | CCWD v Hartford |

#8   CCWD will make reasonable efforts to determine whether it has information readily available identifying the names of contractor employees who worked on the LVRP and a brief description of their job duties. On or before October 23, CCWD will provide such information to Hartford or, in the alternative, advise Hartford of what type of information CCWD has in its possession relating to the LVRP contractors and their employees and if appropriate make such records available for inspection and copying at a mutually agreeable time and place.


Contra Costa Water Dist.                    The Hartford

10/8/2009