1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  bruce.celebrezze@sdma.com
   MATTHEW C. LOVELL  Bar No. 189728
3  matthew.lovell@sdma.com
   DEAN J. MCELROY  Bar. No. 213132
4  dean.mcleoroy@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone:     (415) 781-7900

7  Attorneys for defendant/counterclaimant
   HARTFORD UNDERWRITERS INSURANCE COMPANY
8
   BOWLES & VERNA LLP
9  MICHAEL P. CONNOLLY  Bar No. 238478
   mconnolly@bowlesverna.com
10 ROBERT I. WESTERFIELD  Bar No. 112183
   rwesterfield@bowlesverna.com
11 2121 N. California Blvd, Suite 875
   Walnut Creek, California  94596
12 Telephone:     (925) 935-3300

13 Attorneys for plaintiff/counterdefendant
   CONTRA COSTA WATER DISTRICT
14

15                    UNITED STATES DISTRICT COURT

16                FOR THE NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  CONTRA COSTA WATER DISTRICT, | CASE NO. CV 09-0983 MMC |
| 19       Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 20       v. | |
| 21  HARTFORD UNDERWRITERS INSURANCE COMPANY; and Does 1 through 10, inclusive, | |
| 23       Defendants. | |
| 24  HARTFORD UNDERWRITERS INSURANCE COMPANY, | **Courtroom:  7**<br>**Judge:         Hon. Maxine M. Chesney** |
| 25       Counterclaimant, | |
| 26       v. | |
| 27  CONTRA COSTA WATER DISTRICT, | |
| 28       Counterdefendant | |

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

### 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated "CONFIDENTIAL."

2.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take

1  care to limit any such designation to specific material that qualifies under the appropriate standards.

2  A Designating Party must take care to designate for protection only those parts of material,

3  documents, items, or oral or written communications that qualify – so that other portions of the

4  material, documents, items, or communications for which protection is not warranted are not swept

5  unjustifiably within the ambit of this Order.

6  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

7  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

8  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

9  and burdens on other parties), expose the Designating Party to sanctions.

10  If it comes to a Party's or a non-party's attention that information or items that it designated

11  for protection do not qualify for protection at all, or do not qualify for the level of protection

12  initially asserted, that Party or non-party must promptly notify all other parties that it is

13  withdrawing the mistaken designation.

14  5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

15  (see, e.g., third paragraph of section 5.2, below), or as otherwise stipulated or ordered, material that

16  qualifies for protection under this Order must be clearly so designated before the material is

17  disclosed or produced.

18  The Producing Party shall affix the legend "CONFIDENTIAL" at the top of each page that

19  contains protected material.  If only a portion or portions of the material on a page qualifies for

20  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

21  appropriate markings in the margins).

22  A Party or non-party that makes original documents or materials available for inspection

23  need not designate them for protection until after the inspecting Party has indicated which material

24  it would like copied and produced.  During the inspection and before the designation, all of the

25  material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting

26  Party has identified the documents it wants copied and produced, the Producing Party must

27  determine which documents, or portions thereof, qualify for protection under this Order, then,

28  before producing the specified documents, the Producing Party must affix the legend

1  "CONFIDENTIAL" at the top of each page that contains Protected Material.  If only a portion or
2  portions of the material on a page qualifies for protection, the Producing Party also must clearly
3  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

4        5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
5  designate qualified information or items as "Confidential" does not, standing alone, waive the
6  Designating Party's right to secure protection under this Order for such material.  If material is
7  appropriately designated as "Confidential" after the material was initially produced, the Receiving
8  Party, on timely notification of the designation, must make reasonable efforts to assure that the
9  material is treated in accordance with the provisions of this Order.

10       6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

11        6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
12  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
13  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive
14  its right to challenge a confidentiality designation by electing not to mount a challenge promptly
15  after the original designation is disclosed.

16        6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating
17  Party's confidentiality designation must do so in good faith and must begin the process by
18  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
19  with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis
20  for its belief that the confidentiality designation was not proper and must give the Designating
21  Party an opportunity to review the designated material, to reconsider the circumstances, and, if no
22  change in designation is offered, to explain the basis for the chosen designation.  A challenging
23  Party may proceed to the next stage of the challenge process only if it has engaged in this meet and
24  confer process first.

25        6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality
26  designation after considering the justification offered by the Designating Party may file and serve a
27  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that
28  identifies the challenged material and sets forth in detail the basis for the challenge.  Each such

1  motion must be accompanied by a competent declaration that affirms that the movant has complied
2  with the meet and confer requirements imposed in the preceding paragraph and that sets forth with
3  specificity the justification for the confidentiality designation that was given by the Designating
4  Party in the meet and confer dialogue.

5  The burden of persuasion in any such challenge proceeding shall be on the Designating
6  Party. Until the court rules on the challenge, all parties shall continue to afford the material in
7  question the level of protection to which it is entitled under the Producing Party's designation.

8  7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9  7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
10  disclosed or produced by another Party or by a non-party in connection with this case only for
11  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
12  disclosed only to the categories of persons and under the conditions described in this Order. When
13  the litigation has been terminated, a Receiving Party must comply with the provisions of section 10
14  below (FINAL DISPOSITION).

15  Protected Material must be stored and maintained by a Receiving Party at a location and in
16  a secure manner that ensures that access is limited to the persons authorized under this Order.

17  7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
18  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
19  disclose any information or item designated CONFIDENTIAL only to:

20  (a) the Receiving Party's Outside Counsel of record in this action, as well as
21  employees of said Counsel to whom it is reasonably necessary to disclose the information for this
22  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
23  hereto as Exhibit A;

24  (b) the officers, directors, and employees (including House Counsel) of the
25  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed
26  the "Agreement to Be Bound by Protective Order" (Exhibit A);

27  (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is
28  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

1  Protective Order" (Exhibit A);

2  (d) the Court and its personnel;

3  (e) court reporters, their staffs, and professional vendors to whom disclosure is
4  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
5  Protective Order" (Exhibit A);

6  (f) during their depositions, witnesses in the action to whom disclosure is reasonably
7  necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).
8  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material
9  must be separately bound by the court reporter and may not be disclosed to anyone except as
10 permitted under this Stipulated Protective Order.

11 (g) the author of the document or the original source of the information.

12 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
14 Material to any person or in any circumstance not authorized under this Stipulated Protective
15 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
16 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
17 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
18 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
19 Be Bound" that is attached hereto as Exhibit A.

20 9. FILING PROTECTED MATERIAL. Without written permission from the Designating
21 Party or a court order secured after appropriate notice to all interested persons, a Party may not file
22 in the public record in this action any Protected Material. A Party that seeks to file under seal any
23 Protected Material must comply with Civil Local Rule 79-5.

24 10. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the
25 Producing Party, within sixty days after the final termination of this action, each Receiving Party
26 must return all Protected Material to the Producing Party. As used in this subdivision, "all
27 Protected Material" includes all copies, abstracts, compilations, summaries or any other form of
28 reproducing or capturing any of the Protected Material. With permission in writing from the

Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. MISCELLANEOUS

11.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  October 26, 2009         SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:   */s/  Dean J. McElroy*
   Bruce D. Celebrezze
   Matthew C. Lovell
   Dean J. McElroy
   Attorneys for Defendant and Counterclaimant
   HARTFORD UNDERWRITERS INSURANCE COMPANY

DATED: October 23, 2009         BOWLES & VERNA LLP

By: _____
Robert I. Westerfield
Michael P. Connolly
Attorneys for plaintiff and counterdefendant
CONTRA COSTA WATER DISTRICT

### ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __November 3__, 2009

_____
HON. MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Contra Costa Water District v. Hartford Underwriters Insurance Company, Case No. CV 09-0983 MMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____